**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/13/96**

**TENTH CIRCUIT**

IRAJ NAZARAGHAIE,

      Petitioner - Appellant,

v.

      No. 95-1373

IMMIGRATION &
NATURALIZATION SERVICE,
JOSEPH R. GREENE and JOHN DOE,

      Respondents - Appellees.

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 94-Z-1396)**

L. Ari Weitzhandler, Allott and Makar, Denver, Colorado (Curtis L. Heidtke of Curtis L. Heidtke, P.C., Littleton, Colorado) for the Petitioner - Appellant.

Laura M. Friedman, Office of Immigration Litigation, Washington, D.C. (Patricia M. Connally, William J. Howard, Senior Litigation Counsel, on the brief, Office of Immigration Litigation, Washington, D.C.) for the Respondents - Appellees.

Before **ANDERSON**, **KELLY** and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

Iraj Nazaraghaie, a citizen of Iran, appeals the denial by the district court of his petition for a writ of habeas corpus. At a hearing before an immigration judge, Mr. Nazaraghaie conceded his excludability under 8 U.S.C. §§ 1182(a)(5)(A)(I) (seeking to enter to perform labor, without prior authorization) and 1182(a)(7)(A)(I)(I) (seeking to enter without a valid entry document). Appellant's App., Ex. 1. Seeking relief from exclusion, he requested that the immigration judge grant him asylum, pursuant to 8 U.S.C. § 1158, or withholding of deportation, pursuant to 8 U.S.C. § 1253(h). The immigration judge denied both requests, a determination upheld on appeal by the Board of Immigration Appeals ("BIA"). Appellant's App., Ex. 2. Pursuant to 8 U.S.C. § 1105a(b), Mr. Nazaraghaie then filed a motion for habeas corpus. The district court denied that motion. Our jurisdiction arises under 28 U.S.C. § 2253. We affirm.

I

Prior to the 1979 revolution in Iran, Mr. Nazaraghaie worked as a regional official of the Shah of Iran's Central Intelligence Service, SAVAK. Mr. Nazaraghaie testified that following the overthrow of the Shah, he was identified by revolutionary guards as a member of SAVAK. Appellant claims he was then imprisoned after refusing to sign a statement declaring his hatred for the Shah's regime. The BIA characterized his arrest on this occasion as being "in connection with a problem relating to his automobile." Appellant claims further that he was

beaten severely before his detention, and deprived of water for periods during it. The BIA, however, found that the record contained no evidence of torture or beatings.[1]

After ten months incarceration, appellant was released with a large number of other SAVAK employees. He opened a shoe and handbag store, which he ran until 1991. He tried to obtain the necessary licenses for this business, but was refused several times, allegedly as a result of his SAVAK membership. Consequently, he was obliged to bribe officials to stay in business. After eight years, he was no longer able to persuade officials to accept such bribes. In April 1991, following another unsuccessful effort to obtain the proper business documentation, Mr. Nazaraghaie "cursed the regime" in the presence of government officials. He was then arrested and imprisoned.

Released after 16 months, appellant did not reopen his shop because he continued to lack the required documentation. After 11 months in Iran, he traveled to Pakistan, and thence to Malaysia and the United States, a journey of

---

[1]The BIA did not explain its reasons for adopting factual findings so at odds with appellant's own account of the events leading up to his first period of detention. Given the BIA's stated assumption "that the applicant's testimony and affidavit are entirely credible," Appellant's App., Ex. 2 at 3, we are skeptical that its characterization of these events is supported by substantial evidence in the record. We make no explicit finding to this effect, however, because we hold that Mr. Nazaraghaie has failed to establish his eligibility for asylum even were we to credit his account of these events over that of the BIA. For purposes of our review, we assume, arguendo, that appellant's account should be credited.

some four months. He was detained on arrival in the United States. Mr. Nazaraghaie claims that since his departure unidentified parties, whom he believes to be government officials, have twice sought him at his home in Iran.

II

An alien who fears persecution if deported has two possible means of relief: asylum and withholding of deportation. Rezai v. INS, 62 F.3d 1286, 1288 (10th Cir. 1995). Obtaining asylum is a two-stage process. First, the alien must establish he is a "refugee" by showing that he is unable or unwilling to return to "any country of such person's nationality . . . because of [past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see 8 C.F.R. § 208.13(b); INS v. Cardoza-Fonseca, 480 U.S. 421, 428 (1987). Once the alien establishes refugee status, the Attorney General has discretion to grant or deny asylum. 8 U.S.C. § 1158(a); Cardoza-Fonseca, 480 U.S. at 428 n.5.

Appellant claims refugee status on two grounds: first, that he has a well-founded fear of persecution on account of political opinion; second, that he was subjected to political persecution in Iran. Fear of persecution is well-founded if it is subjectively genuine and objectively reasonable. See Kapcia v. INS, 944 F.2d 702, 706 (10th Cir. 1991); see also 8 C.F.R § 208.13(b)(2). The objective

component requires the asylum applicant to show a "reasonable possibility of actually suffering . . . persecution if he were to return" to the country of persecution.  Id.  The Supreme Court has suggested that a one in ten chance may constitute a "reasonable possibility" of persecution.  Cardoza-Fonseca, 480 U.S. at 431.  The burden of meeting this objective component lies with the asylum applicant, and must be met by "credible, direct, and specific evidence in the record."  Kapcia, 944 F.2d at 707 (quotation and citation omitted).  The BIA determined that appellant did not show his fear of persecution to be well-founded.

To prove past persecution, an asylum applicant "must present specific facts through objective evidence."  Kapcia, 944 F.2d at 707 (quotation and citation omitted).  If the applicant meets this burden, a well-founded fear of persecution is presumed; the presumption is rebutted if a preponderance of the evidence indicates that since the time the persecution occurred, country conditions have changed such that the applicant's fear is no longer well-founded.  See 8 C.F.R. § 208.13(b)(1)(I).  In addition, severe past persecution is grounds for a discretionary, humanitarian grant of asylum even if no well-founded fear of persecution now exists.  8 C.F.R. § 208.13(b)(2)(ii); In re Chen, Int. Dec. 3104 (BIA 1989).  The BIA held that the appellant had not established past persecution, severe or otherwise.

The BIA's finding that appellant was not eligible for asylum "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation omitted). It can be reversed only if the evidence presented compels a finding of eligibility. Id. & n.1.[2] We give no deference, however, to the legal or factual decisions of the district court, Marczak v. Greene, 971 F.2d 510, 515 n.9 (10th Cir. 1992) (citing Webb v. Hodel, 878 F.2d 1252, 1254 (10th Cir. 1989) ("[The Court of Appeals] render[s] an independent decision on the basis of the same administrative record as that before the district court; the identical standard of review is employed at both levels; and once appealed, the

_____

[2]Appellant argues extensively that the Elias-Zacarias standard of review should not apply to BIA findings that he did not experience past persecution and that he lacks a well-founded fear of future persecution. He contends that only strictly factual findings are subject to Elias-Zacarias; whether such facts amount to persecution, or a well-founded fear thereof, is a question of law (or of law and fact) that is appropriately reviewed de novo. Appellant's Br. at 16-20. We agree that the BIA must apply terms such as "well-founded fear of persecution" according to their correct legal definition, and we will not hesitate to correct errors of this kind. But there is no indication in this case that the BIA has committed such error. Its definition of "well-founded fear," for instance, is entirely correct. Appellant's App., Ex. 2 at 4 ("An applicant for asylum has established that his fear is 'well-founded' if he shows that a reasonable person in his circumstances would fear persecution.") Appellant would apparently have us apply de novo review to the predominantly factual finding that a reasonable person in his circumstances would not fear persecution. We cannot support an approach so manifestly at odds with existing precedent. See Elias-Zacarias, 502 U.S. at 481; Hadjimehdigholi v. INS, 49 F.3d 642, 647 (10th Cir. 1995); Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir. 1994). These cases foreclose any argument that the application of a correct legal definition to the facts of a specific case is a mixed question of law and fact, to be reviewed under some standard less deferential than substantial evidence.

district court decision is accorded no particular deference.")). Nor do we defer to the findings of the immigration judge. See Rubio-Rubio v. INS, 23 F.3d 273, 274 n.1 (10th Cir. 1994) (citation omitted).

After reviewing the record in this case, we conclude that substantial evidence supports the BIA's rejection of both claims. We agree with the Board that appellant's long-term operation of his business, as well as the 11 months that passed without incident following his second release from jail, indicate that his fear of persecution is not well-founded. In addition, we note that the government never closed his business, and that his wife worked for the Iranian government for four years following the 1979 revolution and continues to draw a government pension. The subsequent search for Mr. Nazaraghaie by unidentified parties does not compel reversal. Hadjimehdigholi v. INS, 49 F.3d 642, 648 (10th Cir. 1995). We also reject appellant's contention that he will be persecuted because he fled Iran without permission from the authorities. Exit restrictions do not constitute persecution. Id. (citing Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992)). Any penalty imposed on appellant for violating such restrictions would therefore constitute prosecution, not persecution.

The BIA's determination that appellant is ineligible for a humanitarian grant of asylum pursuant to In re Chen is also supported by substantial evidence. Whatever his exact treatment by Iranian authorities, it does not constitute severe

persecution, as defined in In re Chen. The quantum of persecution he experienced would not "'so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of future persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Skalak v. INS, 944 F.2d 364, 365 (7th Cir. 1991)).

We are concerned, however, that Mr. Nazaraghaie may have established non-severe past persecution. We agree with the Board that appellant has not shown that his second period of detention was on account of political opinion. In sharp contrast, however, appellant's first period of detention appears to represent a paradigmatic example of past persecution on account of political opinion. Appellant worked for the Shah's government. He was apprehended and beaten for that association. When he refused to repudiate that association publicly, he was thrown in jail for ten months. The BIA, in considering this incident, noted that "a short detention by a totalitarian regime for political opposition does not always rise to the level of persecution, as that term is contemplated in the Act." Appellant's App., Ex. 2 at 5. However, none of the case law cited by the BIA in support of that proposition suggests that ten months is too short a period to constitute political persecution. See Zalega v. INS, 916 F.2d 1257, 1259-60 (7th Cir. 1990) (detention for total period of around 36 hours); Kubon v. INS, 913

F.2d 386, 388 (7th Cir. 1990) (five days detention); <u>Mendez-Efrain v. INS</u>, 813 F.2d 279, 283 (9th Cir. 1987) (four days detention).

Nonetheless, were we to find appellant the victim of political persecution in 1979-80, the result in this case would be no different. Appellant would still be ineligible for asylum. While his past persecution would establish a presumption of a well-founded fear, the INS has introduced sufficient evidence of changed country conditions to rebut that presumption by the necessary preponderance. 8 C.F.R. § 208.13(b)(1)(I); <u>see also</u> <u>In re H—</u>, Int. Dec. 3276, ___ (BIA 1996) ("To overcome the regulatory presumption, the record must reflect, by a preponderance of the evidence, that since the time the persecution occurred, conditions in the applicant's country of nationality . . . have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he or she were to return to that country. As a practical matter, it will be the Service's burden to rebut the presumption, whether by adducing additional evidence or resting upon evidence already in the record." (internal citation omitted)); <u>Kapcia</u>, 944 F.2d at 709 (citing <u>In re Chen</u> (presumption must be rebutted by INS or "Board may take administrative notice of changed circumstances")); <u>see also</u> <u>Prasad v. INS</u>, 83 F.3d 315, 318 (9th Cir. 1996) (INS has burden to rebut); <u>Gonzalez v. INS</u>, 82 F.3d 903, 910 (9th Cir. 1996) (same).

The clear preponderance of the evidence before us would indicate that since Mr. Nazaraghaie's first detention, conditions in Iran have changed such that his fear of future persecution would no longer be well-founded. The various factors identified at page 7, supra, would suffice to overcome any suggestion that appellant faces a well-founded fear.[3] The presumption's rebuttal, however, does not follow logically from our earlier finding that the appellant failed to meet his burden of establishing a well-founded fear of persecution pursuant to 8 C.F.R. § 208.13(b)(2). An asylum applicant's failure to prove "a reasonable possibility" of persecution by "credible, direct, and specific evidence" under § 208.13(b)(2) leaves open the possibility that pursuant to § 208.13(b)(1) the applicant may prove past persecution and the INS will be unable to show by a preponderance of the evidence that conditions have changed such that the applicant has no well-founded fear.[4] We do not reweigh evidence to determine whether the INS meets

_____

[3]The lack of severity of any past persecution precludes appellant from demonstrating compelling reasons for being unwilling to return based on the severity of any past persecution. 8 C.F.R. § 208.13(b)(1)(ii). See In re H—, Int. Dec. 3276, ___ ("The need to demonstrate compelling reasons for being unwilling to return resulting from the severity of the past persecution only arises if the presumption of a well-founded fear of persecution is successfully rebutted.").

[4]Thus when an applicant fails to establish a well-founded fear pursuant to 8 C.F.R. § 208.13(b)(2), the immigration judge and the BIA must do more than review the record for severe persecution. They must also determine whether the applicant has established non-severe past persecution pursuant to § 208.13(b)(1) and, if so, whether the INS has rebutted, by a preponderance of the evidence, the resultant presumption of a well-founded fear of persecution. In re H—, Int. Dec. 3276, ___ .

its rebuttal burden because determinations of this type are more appropriately the province of a fact-finding body. But remand would not be necessary in this instance because the evidence in the record mandates the conclusion that the INS could rebut any presumption of a well-founded fear, and severe persecution is absent. If that were not the case, we would have to remand.

Finally, to be entitled to withholding of deportation, the appellant must demonstrate "'a clear probability of persecution' with 'objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation.'" Kapcia, 944 F.2d at 709 (quoting Cardoza-Fonseca, 480 U.S. at 430). Because the appellant did "not establish a well-founded fear of persecution, it follows that [he] also failed to establish the tougher standard of clear probability of persecution required for withholding of deportation." Id.[5]

III

---

[5]INS regulations make clear that if an applicant establishes that his "freedom was threatened" before he left his country of origin, it must be presumed that his freedom would be threatened on return, and thus that he is entitled to withholding of deportation. 8 C.F.R. § 208.16(b)(2). However, that presumption may be rebutted if a preponderance of the evidence shows that the applicant has no clear probability of persecution on return. Because the appellant's request for withholding did not argue that this regulatory presumption should apply to his case, we do not consider the matter further.

Appellant also asserts that the BIA violated his due process rights by not considering the entire record. We disagree. Reviewing the entire record, we have already concluded that the BIA's eligibility determination is supported by substantial evidence. Thus, even assuming arguendo that the BIA failed to weigh certain pieces of evidence fully, the result in this case would be no different. Any error on the part of the BIA is therefore harmless, and appellant's due process argument must fail accordingly. See Michelson v. INS, 897 F.2d 465, 468 (10th Cir. 1990) (fundamental fairness of deportation proceedings not open to question unless prejudice shown to result); Ortiz-Salas v. INS, 992 F.2d 105, 106 (7th Cir. 1993) ("Harmless errors no more justify reversal in a deportation case than in a criminal case."); Cuadras v. INS, 910 F.2d 567, 573 (9th Cir. 1990) (in deportation proceedings, due process not violated unless alien prejudiced).

IV

The BIA's determination that appellant did not establish a well-founded fear is supported by substantial evidence in the record. So too is its determination that appellant did not suffer severe past persecution. We do not decide if the BIA's determination that appellant did not establish past persecution was similarly supported. On the record before us, the INS can show by a preponderance of the evidence that appellant lacks a well-founded fear of persecution on account of political opinion. Whatever non-severe past

persecution was shown cannot, therefore, render appellant eligible for asylum. Because appellant has not shown eligibility for asylum, he is presumptively not entitled to withholding of deportation. Finally, appellant's due process argument must fail because the BIA's decision was supported by substantial evidence.

AFFIRMED.