F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SYLWESTER MROZ,

          Petitioner-Appellant,

v.

JANET RENO, United States Attorney
General,

          Respondent-Appellee.

No. 96-1252
(D.C. No. 94-N-209)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Sylwester Mroz appeals from an order of the district court denying his petition for habeas corpus brought pursuant to 28 U.S.C. § 2241. Mr. Mroz filed his petition to contest the order of an Immigration Judge (IJ) denying his application for asylum and withholding of deportation.[1] Mr. Mroz was denied a stay of deportation by this court June 10, 1996. However, he has not been deported.

Mr. Mroz was among 200 Polish fishermen who arrived at Anchorage, Alaska in August, 1989, with valid C-1 transit visas. See, e.g., Marczak v. Greene, 971 F.2d 510, 511-12 (10th Cir. 1992); Kapcia v. INS, 944 F.2d 702, 704-05 (10th Cir. 1991). Mr. Mroz asked for asylum upon arrival and was placed in exclusion proceedings.

On appeal Mr. Mroz argues that this court has consistently misinterpreted the law setting forth the standards of review to be used by federal courts in reviewing Board of Immigration Appeals' decisions. He also contends he proved that he is a refugee and he should have been granted asylum. Mr. Mroz asserts he can be considered a refugee on the basis of past persecution alone, without consideration of the possibility of future persecution.

---

[1] Review of exclusion proceedings is properly sought by means of a habeas petition. See 8 U.S.C. § 1105a(b) (alien against whom final order of exclusion has been entered may only obtain judicial review by means of habeas proceeding); Landon v. Plasencia, 459 U.S. 21, 26 (1982).

Mr. Mroz argues that the determination of whether he has established his eligibility for asylum is a legal issue which we should review de novo. He further contends that federal courts owe no deference to legal conclusions reached by the IJ or the Board because the agency does not possess any technical or scientific expertise not available to the courts.

We do not agree that we have consistently misinterpreted Supreme Court directives as to the proper standards for reviewing decisions of the Board. We decline Mr. Mroz's invitation that we alter our long-standing standards of review. Thus, we will review the Board's factual findings regarding whether Mr. Mroz is a refugee for substantial evidence. Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir. 1993). We will uphold the Board's determination that Mr. Mroz is not eligible for asylum if that decision is "'supported by reasonable, substantial, and probative evidence based on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Mr. Mroz bears the burden of establishing his eligibility for asylum. Nguyen v. INS, 991 F.2d 621, 625 (10th Cir. 1993).

The evidence showed that while Mr. Mroz was a member of Youth Solidarity, he participated in a "warning strike" and was detained for twenty-four hours during which he was beaten and his parents' home was searched. He later participated in several anti-Communist demonstrations. At one demonstration, he

was beaten by the police as they attempted to restore order. When Mr. Mroz joined the navy, he refused to join the Communist youth group. Consequently, he was assigned undesirable duties, was regularly questioned about his political views, was not permitted shore leave, and was given a regular discharge. He then worked for Youth Solidarity for one month, but was never caught or confronted. Mr. Mroz testified that he fears returning to Poland because he believes he would be jailed, would be obliged to repay a $1,000.00 loan, and would have trouble finding a job. The IJ found that Mr. Mroz had established subjective fear of persecution, but no objective fear.

Apparently acknowledging the changed political situation in Poland, Mr. Mroz argues that he need not show fear of future persecution to warrant admission as a refugee, but need show only that his past persecution was so severe that repatriation would be inhumane. An alien can be found eligible for asylum due to past persecution alone even if "no reasonable likelihood of present persecution" exists. Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quotation omitted). However, to establish such eligibility, the alien must show his past persecution was "so severe that repatriation would be inhumane." Id. Persecution "has been defined as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive"

-4-

and entails "more than just restrictions or threats to life and liberty." Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir. 1990) (citation omitted).

To warrant a grant of asylum on the basis of past persecution alone, the alien must show that his sufferings would "so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of further persecution." Nazaraghaie v. INS, 102 F.3d 460, 463 (10th Cir. 1996) (quotations omitted); see also Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir. 1995) (alien must show he suffered "atrocious forms of persecution").

The incidents cited by Mr. Mroz do not rise to this level. Cf. Matter of Chen, 21 I. & N. Dec. 16, 1989 WL 331860 (Apr. 25, 1989) (sufficiently atrocious past persecution shown as Chen, a Chinese Christian, had been tortured, harassed, confined, and denied food and medical attention since he was eight years old).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-