**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ZAHIR U. DIN; SHAMIN AKHTAR;
OASIM ZAHIR; NASIR ZAHIR,

  Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

  Respondent.

No. 97-9553
Petitions for Review
(Nos. A70 905 920, A70 905 921,
A70 905 922, A70 905 923)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners seek review of a final order by the Immigration and Naturalization Service (INS) denying their applications for asylum.[1] Our jurisdiction over this appeal arises under 8 U.S.C. § 1105a(a).[2] On review of petitioners' claims, we must uphold the BIA's decision if it finds support "'by reasonable, substantial, and probative evidence on the record considered as a whole.'" Nazaraghaie v. INS, 102 F.3d 460, 463 (10th Cir. 1996) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (further quotation omitted)).

Petitioners, a family and natives of Pakistan, were charged by the INS as deportable for having overstayed the time allowed them under their temporary visas. They filed an application for asylum based on petitioner Zahir Din's case. See Cert. Admin. R. at 134 (Request for Asylum). Mr. Din claims asylum based on past persecution resulting from his political activities and

---

[1] Before the agency, petitioners also sought withholding of deportation; however, their brief before this court contains no argument challenging the BIA's denial of that request. Therefore, we do not address the issue.

[2] Section 1105a was repealed by § 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, which alters the availability, scope, and nature of judicial review in INS cases. Because petitioners' deportation proceedings commenced before April 1, 1997, IIRIRA's permanent "new rules" do not apply to this case. See id. § 309(c)(1). However, IIRIRA's "transitional rules" do apply, because in this case the agency's final order was filed more than thirty days after IIRIRA's September 30, 1996 date of enactment. See id. § 309(c)(4). The repeal of § 1105a is not effective in cases such as this one where the transitional rules are in effect. See id.

association. After several initial hearings and delays, petitioners received an asylum hearing on April 2, 1996. The Immigration Judge (IJ) denied their application for asylum, concluding that Mr. Din had not demonstrated a well-founded fear of persecution should he return to Pakistan. See id. at 74 (IJ's Decision). Petitioners appealed to the Board of Immigration Appeals (BIA).

The BIA, in a decision dated July 10, 1997, concluded that petitioner had not met his burden to establish refugee status under 8 U.S.C. § 1101(a)(42)(A), by proving either past persecution or a well-founded fear of persecution. See Rezai v. INS, 62 F.3d 1286, 1289 (10th Cir. 1995). "To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Kapcia v. INS, 944 F.2d 702, 706 (10th Cir. 1991) (quoting 8 U.S.C. § 1101(a)(42)). The BIA determined that Mr. Din had not shown the required nexus between his political opinion and a beating he suffered while still in Pakistan such that he had demonstrated past persecution. Further, the BIA ruled that his claims of a well-founded fear of persecution were undermined by two return trips to Pakistan, by a delay of almost two years before applying for asylum, and by changed conditions in Pakistan since Mr. Din's initial arrival in this country. See Cert. Admin. R. at 3-4 (BIA's Decision).

On review, petitioners challenge the BIA's decision in several respects. First, they contend the BIA and the IJ failed to make a finding of adverse credibility, arguing that the BIA did not articulate reasons for upholding the IJ's decision, and that the IJ's decision rested on equivocal statements regarding petitioner Din's credibility. We reject this argument because the BIA's decision neither adopted the IJ's findings nor rested on the IJ's credibility determination.

In their next two points, petitioners contend that, absent a finding regarding credibility, the BIA did not properly consider their claims of past persecution based on the beating incident, and argue that changed conditions in Pakistan support their past persecution claims. These contentions are not persuasive. The BIA's determination of petitioners' past persecution claims, summarized above, did not rest on or require a credibility finding. Petitioners' arguments essentially contend that the agency did not give enough weight to evidence presented about the beating incident or to evidence that, despite changed conditions, political activists were still subject to mistreatment. We may not reweigh the evidence or determine the credibility of witnesses. See Refahiyat v. INS, 29 F.3d 553, 556 (10th Cir. 1994). Substantial evidence in the record supports the BIA's ruling on petitioners' claims of past persecution.

Petitioners also challenge the BIA's reliance on two factors in concluding that petitioners did not have a well-founded fear of persecution. They contend

that the BIA wrongly considered the length of time it took them to apply for asylum and wrongly relied on petitioner Din's return trips to Pakistan. Without deciding whether delay in applying for asylum is a proper factor for consideration, we reject petitioners' argument on that point. While a delay often may be explained by safety concerns, the authority cited by petitioners does not preclude consideration of that factor in this case. Further, it was only one of three factors the BIA cited in examining whether petitioners had demonstrated a well-founded fear of persecution. Similarly, we disagree with petitioners' contentions that the BIA considered petitioner Din's return trips to Pakistan as "dispositive" of their claims for asylum. The BIA considered several factors in determining that petitioners did not establish a well-founded fear of persecution should they return to Pakistan; Mr. Din's trips was one of those factors. Again, it appears that petitioners want this court to reweigh the evidence in their favor, which we cannot do so long as substantial evidence supports the agency's determinations.

On independent review of the certified administrative record as a whole, we conclude that substantial evidence supports the BIA's conclusion that petitioners have not established eligibility for asylum. The petition for review is DENIED.

Entered for the Court


David M. Ebel
Circuit Judge