**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ABDULLA OMER
ABDULRAHMAN,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 97-9571
Petition for Review
(No. A72 378 515)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Abdulla Omer Abdulrahman petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his requests for political asylum under 8 U.S.C. § 1158, for withholding of deportation under 8 U.S.C. § 1253(h), and for voluntary departure under 8 U.S.C. § 1254(e).  We affirm.[1]

The BIA found that the facts petitioner presented in support of his request for asylum differed entirely from those he had presented in a prior application. In the prior application, which he signed in 1992, petitioner stated that he was born in Jeddah, Saudi Arabia on April 29, 1978, after his family, including his father, fled from Somalia.  He indicated that he was a member of the Isaak clan, that his father had been involved in the Somali National Movement, and that his entire family left Somalia on May 12, 1975, prior to his birth.  He further stated that while he considered himself stateless, he was born and raised in Saudi Arabia.  The Immigration and Naturalization Service (INS) denied the 1992 application for asylum on November 16, 1993.

---

[1]     The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope and nature of judicial review in immigration cases.  However, because petitioner's deportation proceedings commenced before April 1, 1997, and the INS issued its final decision before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case.     See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended by Pub. L. No. 104-302, § 2, 100 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252.  We therefore apply pre-IIRIRA standards.

In his second application for asylum, at issue here, petitioner stated that he was born in Mogadishu, Somalia, on October 3, 1978. He identified himself as a member of the Hawiye clan through his mother. He indicated that he, his sisters, and one of his brothers departed from Somalia for Saudi Arabia when he was eight or ten years old because of the mistreatment they received from Ali Mahdi Mohammed's soldiers. He stated that his father, an Isaak, belonged to Mohammed Farah Aideed's faction in Somalia but reportedly had been killed. Petitioner's testimony before the IJ was generally consistent with the representations in his second application.

The BIA agreed with the IJ that petitioner's testimony in connection with his second application was not credible. The BIA found that petitioner was born in Saudi Arabia, not Somalia, and is a national of both Somalia and Saudi Arabia. The BIA concluded that petitioner presented no evidence that he could not safely return to Saudi Arabia and therefore did not qualify as a "refugee" entitled to asylum. See Rezai v. INS, 62 F.3d 1286, 1288 (10th Cir. 1995). Moreover, the BIA found there was no evidence that Saudi Arabia would not accept petitioner, and he was therefore not eligible for withholding of deportation. Finally, the BIA found that petitioner had lied at the hearing on his second application and was therefore not "a person of good moral character" entitled to voluntary departure. See 8 U.S.C. §§ 1101(f)(6); 1254(e)(1).

-3-

In this appeal, petitioner contends that the BIA erred as a matter of law in affirming the IJ's adverse credibility finding; that he was denied due process when the INS conducted its initial political asylum interview on his first application without a guardian ad litem present; that absent the finding of adverse credibility the record supports his well-founded fear of persecution and his eligibility for asylum in the United States; that the BIA abused its discretion in considering him a dual national of Saudi Arabia and Somalia; and that the INS argued without basis that he can return to Saudi Arabia despite his firm statements to the contrary.

We review for substantial evidence the BIA's determinations that petitioner is not a "refugee" eligible for asylum, see INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992), and that he is not a person of "good moral character" entitled to voluntary departure, see Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir. 1991). We review de novo the BIA's determinations on questions of law. See Refahiyat v. United States Dep't of Justice, I.N.S., 29 F.3d 553, 556 (10th Cir. 1994). Where a petitioner has failed to establish his eligibility for asylum, he is presumptively not entitled to withholding of deportation. See Nazaraghaie v. INS, 102 F.3d 460, 465 (10th Cir. 1996).

Having reviewed the entire record applying the above standards of review, we conclude that the BIA's decision is supported by substantial evidence and that

-4-

it correctly applied the appropriate legal standards.  The BIA's order dismissing petitioner's appeal from the IJ's decision is therefore AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge