**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MESSAOUD SADAOUI,

       Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

       Respondent.

No. 98-9510
(BIA No. A74-643-300)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Messaoud Sadaoui brings this petition for review from the Bureau of Immigration Appeals' (BIA) decision denying his requests for asylum and withholding of deportation and dismissing his administrative appeal. Our jurisdiction over this appeal arises under 8 U.S.C. § 1105a(a). On review of petitioner's claims, we must uphold the BIA's decision if it finds support "'by reasonable, substantial, and probative evidence on the record considered as a whole.'" Nazaraghaie v. INS, 102 F.3d 460, 463 (10th Cir. 1996) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)) (further quotation omitted).

Petitioner contends that the BIA erred in 1) concluding that he had not established a well-founded fear of persecution based on political opinion or membership in a social group, and 2) failing to conclude that the Islamic Salvation Front imputed a political opinion to petitioner. After careful review of the certified administrative record and the parties' briefs, we conclude that the BIA correctly decided this case. For substantially the reasons contained in the BIA's decision, dated February 24, 1998, the agency's decision is affirmed.

Petitioner also contends that the BIA denied him due process when it took administrative notice of newspaper reports without affording petitioner an opportunity to rebut them. We disagree. The BIA used the newspaper reports to show that conditions in Algeria had actually worsened since the Immigration Judge's decision in petitioner's case and to support its point that "general

allegations of conditions of political upheaval which affect the populace as a whole are insufficient to establish an alien's eligibility for asylum." Cert. Admin. R. at 4. This point merely supplemented the BIA's decision that petitioner had not shown a well-founded fear of persecution due to political opinion or membership in a social group. The taking of administrative notice of changed country conditions is committed to the agency's broad discretion.     See Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992). Under the particular facts of this case, see Llana-Castellon v. INS , 16 F.3d 1093, 1097 (10th Cir. 1994), the agency did not abuse that discretion.

In his reply brief, petitioner argues both that the BIA failed to make an individualized assessment of his claims and that petitioner suffered severe economic deprivation as a result of the FIS's extortion. We decline to address these new theories even though they are related to the arguments in petitioner's opening brief.   See Lyons v. Jefferson Bank & Trust , 994 F.2d 716, 724 (10th Cir. 1993) (issues raised initially in reply brief generally not considered).

The petition for review is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-