**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KIDANE ARAYA,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 98-9530
(INS No. A26 611 347)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

therefore ordered submitted without oral argument; petitioner's request for oral argument is denied.

Petitioner, a native Eritrean and former resident of Ethiopia, seeks review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's denial of his application for asylum and withholding of deportation. Our jurisdiction over this appeal arises from 8 U.S.C. § 1105a. [1] We must uphold the agency's determination that petitioner is not eligible for asylum if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).

The Board of Immigration Appeals (BIA) concluded that petitioner failed to meet his burden to demonstrate a well-founded fear of persecution should he return to Eritrea. In support of this conclusion, the BIA stated that 1) petitioner had been asked by the Eritrean government to return and work there "in spite of his political beliefs," 2) petitioner's affidavits did not support his claim or stated only "general opinions," 3) the witnesses at petitioner's hearing failed to establish a reasonable possibility petitioner would be punished if he returned, and

---

[1] Section 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). However, the repeal is effective only as to final orders filed on or after September 30, 1996. In this case the immigration judge filed his order on August 6, 1996. This case is governed by the "transitional rules" of IIRIRA.

4) materials submitted by both parties failed to support petitioner's claim of a well-founded fear of persecution. Because the BIA concluded that petitioner was not eligible for asylum, it also necessarily concluded that he failed to meet the higher standard of clear probability of persecution for purposes of withholding deportation. *See Nazaraghaie v. INS*, 102 F.3d 460, 465 (10th Cir. 1996). Petitioner does not challenge the BIA's determination of his claim for withholding deportation.

On appeal, petitioner contends that the BIA ignored large parts of the record and mischaracterized that evidence it did consider. After careful review of the Certified Administrative Record, we agree. The determination whether a petitioner has demonstrated a well-founded fear of persecution is a factual finding. *See Nazaraghaie*, 102 F.3d at 463 n.2. The BIA's analysis in support of this factual finding consists of 1) quotations taken out of context and contrary to the import of the affidavits or testimony from which they are drawn, 2) characterizations of events and evidence which are belied by consideration of the record as a whole, and 3) statements that ignore overwhelming evidence to the contrary. Because the BIA's analysis in support of this factual finding is not supported by substantial evidence as required by applicable law, we must reverse and remand to the agency for further proceedings. *See Cordero-Trejo v. INS*, 40 F.3d 482, 487 (1st Cir. 1994) (stating that BIA's factual findings are due no

deference when based on "inferences or presumptions that are not reasonably grounded in the record, viewed as a whole").

We are mindful of the standards set out in *Immigration & Naturalization Service v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992), stating that a petitioner must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Application of this standard on appellate review, however, presumes that the BIA considered the record as a whole and that the factual findings underlying the ultimate determination of asylum eligibility are supported by reasonable, substantial, and probative evidence in that record. *See id.* at 481; *cf. Rivas-Martinez v. INS*, 997 F.2d 1143, 1148 (5th Cir. 1993) (remanding where INS failed to apply correct standards for asylum eligibility).

For the foregoing reasons and without implying or predicting the ultimate result of this case, the petition is GRANTED and the decision of the BIA is REVERSED and REMANDED.

Entered for the Court

Wesley E. Brown
Senior District Judge