**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTURAS BAKANOVAS,
EDITA BAKANOVAS, and
KAROLINA BAKANOVAS,

     Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

     Respondents.

No. 00-9543
(Nos. A71 980 686, A71 980 687 &
A71 980 688)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY**, **PORFILIO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners bring this petition for review from the Bureau of Immigration Appeals' (BIA) decision denying their requests for asylum and withholding of deportation and dismissing their administrative appeal. [1] Our jurisdiction over this appeal arises under 8 U.S.C. § 1105a(a). [2] On review of petitioners' claims, we must uphold the BIA's decision if it finds support "'by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Nazaraghaie v. INS*, 102 F.3d 460, 463 (10th Cir. 1996) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)) (further quotation omitted).

Petitioners contend that the BIA erred in 1) concluding that petitioners failed to sustain their burden of proof to establish past persecution or a well-founded fear of persecution should they return to Israel; 2) affirming the immigration judge's (IJ) factual finding that the house in which they were living was illegally built or occupied; and 3) concluding that there was no due process violation in connection with petitioner Edita Bakanovas' testimony at the hearing

---

[1]     The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in immigration cases. Because petitioners' deportation proceedings commenced before April 1, 1997, IIRIRA's permanent "new rules" do not apply to this case. *See id.* § 309(c)(1). However, IIRIRA's "transitional rules" do apply, because in this case the BIA's final order was enacted more than thirty days after IIRIRA's September 30, 1997 date of enactment. *See id.* § 309(c)(4).

[2]     Section 1105a was repealed by § 306(b) of IIRIRA. However, that repeal is not effective in cases such as this one where the transitional rules are in effect. *See* IIRIRA § 309(c).

before the IJ resulting from alleged inadequacies in language interpretation. After careful review of the certified administrative record and the parties' briefs, we conclude that the BIA correctly decided this case. The agency's decision is affirmed and the petition for review is DENIED.

Entered for the Court

Robert H. Henry
Circuit Judge