**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TATYANA VLADIMIROVA
BASOVA,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 98-9540
(INS No. A73 736 650)
(Petition for Review)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON**  and **KELLY** , Circuit Judges, and   **BROWN** ,** Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Tatyana Vladimirova Basova, a native and citizen of Russia, has filed a petition for review from the decision of the Immigration and Naturalization Service (INS) that she is not entitled to political asylum or withholding of deportation. We deny the petition.

Ms. Basova arrived in this country in 1994 as the non-immigrant fiancée of a United States citizen. When she arrived, she learned that her fiancée no longer wanted to marry her. She later married a Ukranian national who is a lawful permanent resident having been granted political asylum. He applied for an immigrant visa for her. That application has been approved. [1]

When she learned she would not be marrying her fiancée, Ms. Basova applied for asylum and withholding of deportation. She claimed she was eligible for asylum because she had been repeatedly abducted and raped by members of the Chechen mafia for over two and one-half years.

The Immigration Judge (IJ) determined Ms. Basova did not have a well founded fear of persecution on any of the five grounds enumerated in 8 U.S.C.

---

[1] Ms. Basova can only obtain her immigrant visa from a consular officer at his/her office outside of the United States. See 8 U.S.C. § 1101(a)(16).

§ 1101(a)(42). [2] He determined instead that the rapes were done on a personal level and she was not eligible for asylum.

On appeal, Ms. Basova argues that she qualifies for asylum under two of the § 1101(a)(42) grounds i.e., political opinion and membership in a particular social group. She contends her persecution was at the hands of members of the Chechen mafia, which due to its strength and political influence can be considered a quasi-governmental entity. Further, she contends the government is unwilling or unable to control the Chechen mafia.

We review the Board of Immigration Appeals' (BIA) determination of issues of law de novo, and its factual findings for substantial evidence. See Refahiyat v. INS, 29 F.3d 553, 556 (10th Cir. 1994). [3] We must uphold the BIA's determination if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Indeed, we may only reverse if

---

[2] Section 1101(a)(42) provides that asylum may be sought as a result of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion."

[3] 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, Div. C, Title III, § 306(b), 110 Stat. 3009. IIRIRA alters the availability, scope, and nature of judicial review in INS cases. The repeal of § 1105a is not effective in this case. See id. § 1101 Effective dates, Pub.L. No. 104-208, Div. C., § 309 (Ms. Basova's deportation proceedings commenced before April 1, 1997, and the agency's final order was filed more than thirty days after IIRIRA's date of enactment). Thus, the transitional rules control.

we determine that the evidence *compels* an opposite conclusion. See id. at 481 n.1. Thus, "[e]ven if we disagree with the Board's conclusions, we will not reverse if they are supported by substantial evidence and are substantially reasonable." Kapcia v. INS, 944 F.2d 702, 707 (10th Cir. 1991).

"An alien facing deportation who fears persecution if deported has two avenues of relief: asylum and withholding of deportation." Rezai v. INS, 62 F.3d 1286, 1288 (10th Cir. 1995). An alien requesting asylum must first establish refugee status by proving s/he is a victim of either past "persecution or a well-founded fear of persecution" based on any of the § 1101(a)(42) groups. Nguyen v. INS, 991 F.2d 621, 625 (10th Cir. 1993) (quotation omitted).

"To prove past persecution, an asylum applicant must present specific facts through objective evidence." Nazaraghaie v. INS, 102 F.3d 460, 462 (10th Cir. 1996) (quotation omitted). "Persecution has been defined as the offensive infliction of suffering or harm and encompasses more than just restrictions or threats to life and liberty." Hadjimehdigholi v. INS, 49 F.3d 642, 646 (10th Cir. 1995) (quotations omitted).

The issue before us here is whether Ms. Basova has shown persecution due to her political opinion or her membership in a particular social group. We cannot address Ms. Basova's claim that she is a member of a particular social group. While Ms. Basova did raise this issue to the BIA, it stated that it could not address the issue as she had "insufficiently developed and inadequately preserved" the

-4-

issue for the BIA's review. R. at 5; cf. Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991) (failure to raise issue to BIA constitutes failure to exhaust administrative remedies and deprives appellate court of jurisdiction to address issue). The BIA further stated that even if it were to accept that Ms. Basova were a member of a particular social group, she had "not provided sufficient testimony and evidence" from which to infer that she was persecuted due to her membership in that group. R. at 5.

To establish persecution due to political opinion, the alien must present some evidence, either direct or circumstantial, of the *persecutor's* motive. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir. 1992). Persecution on account of imputed political opinion, satisfies the motive requirement, whether or not that imputation is accurate. Id. at 601-02.

The INS has officially recognized rape and sexual abuse as a form of persecution . See Lopez-Galarza v. INS, 99 F.3d 954, 963 (9th Cir. 1996) (citing INS, *Considerations for Asylum Officers Adjudicating Asylum Claims from Women* (1995)). "These guidelines direct immigration officers to recognize that female applicants may face unique 'gender persecution,' which includes rape and sexual abuse, and provides that 'rape and other forms of severe sexual violence' are examples of physical harm that constitutes persecution." Id. (quoting guidelines at 9) (further quotation omitted).

Ms. Basova testified that she became pregnant as result of the rapes and had an abortion. She stated that each time that she was allowed to go home, she was threatened and told not to disclose the rape and abduction. Her parents sought help from the local authorities but were told no help was available as they did not "want to get extra problems on their hands." R. at 105. She further related that after she left Russia, the Chechen mafia burned her parents' dacha and have continued to call them threatening her death should she return.

The IJ found Ms. Basova's testimony credible. However, the IJ held that Ms. Basova had not shown any evidence her persecutors' motives were based on her political opinion, imputed or otherwise. Ms. Basova testified that her attackers never explained anything to her, but she felt that they hated her due to how they dealt with her and called her names. Rec. at 109. She also stated that they did not know her name until they asked her when she regained consciousness during her first abduction. See id. at 122. She stated that they had no preference and kidnaped her because she was in their way and "[t]hey want to show people how much they control the society." Id. at 123.

Ms. Basova argues that she has shown political opinion persecution citing Lazo-Majano v. INS, 813 F.2d 1432 (9th Cir. 1987), overruled on other grounds by Fisher v. INS, 79 F.3d 955, 963 (9th Cir. 1996). In Lazo-Majano, the court held that the alien's rape constituted persecution on account of her political opinion. However, there her persecutor told the alien that he regarded her actions

-6-

as subversive and he attributed the political opinion of a subversive to her.  The court held that this attribution resulted in his acts being persecution on account of a political opinion.    See id. at 1436.  No such statements were made by Ms. Basova's persecutors.

Ms. Basova was treated inhumanely and has shown persecution and a fear of future persecution in the general sense.  However, she has not shown persecution due to any of the statutory categories.  While we might wish that asylum could be granted for purely humanitarian reasons, we cannot rewrite the law or force the INS to permit asylum under these circumstances.

Because Ms. Basova cannot establish her entitlement to asylum, she cannot satisfy the  more stringent standard required for withholding of deportation.    See Kapcia , 944 F.2d at 709  .

The petition for review is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-7-