**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TEDY JOHAN,

        Petitioner,

v.

MARK FILIP, Acting United States
Attorney General,[*]

        Respondent.

No. 08-9541
(Petition for Review)

**ORDER AND JUDGMENT**[**]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

      Tedy Johan seeks review of a Board of Immigration Appeals (BIA)

decision affirming an Immigration Judge's (IJ) denial of asylum, restriction on

removal, and relief under the Convention Against Torture (CAT). Mr. Johan

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Mark Filip is substituted as
respondent for Michael B. Mukasey, as of January 20, 2009.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argues that he has demonstrated past persecution by anti-Chinese extremists in Indonesia, that he has a well-founded fear of future persecution, and that it is more likely than not that he will be persecuted if forced to return to Indonesia. He further contends that he has established eligibility for relief under the CAT. We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and DENY the petition for review.

Mr. Johan, an ethnic Chinese, is a native and citizen of Indonesia. He entered the United States in December 2005 on a non-immigrant visa and overstayed his visit. In August 2006, Mr. Johan filed an application for asylum, restriction on removal, and CAT relief. An IJ held a hearing and, despite finding Mr. Johan credible, denied all avenues of relief.

On appeal, a single member of the BIA wrote a three and one-half page, single-spaced order affirming the IJ's oral decision. In that order, the BIA found "no legal error in the Immigration Judge's determination that [Mr. Johan] failed to sustain the burden of proof applicable to asylum and the more stringent burden applicable to withholding of removal." BIA Decision at 1-2 (citing *Krastev v. INS*, 292 F.3d 1268, 127[1] (10th Cir. 2002)). The BIA further found no error in the IJ's factual findings. *Id.* Specifically with regard to persecution, the BIA held that, even assuming Mr. Johan had shown past persecution, the presumption of a well-founded fear of future persecution arising from that showing was effectively rebutted by evidence in the record from recent Country Reports on

-2-

Human Rights Practices indicating improved conditions for the Chinese citizens of Indonesia.

The BIA also agreed with the IJ that, because Mr. Johan had failed to meet the more lenient burden to establish asylum, his claim for restriction on removal necessarily failed. And finally (and also in agreement with the IJ), the BIA held that Mr. Johan had failed to establish his eligibility for relief under the CAT.

The relatively brief order by a single BIA member affirming the IJ's order under 8 C.F.R. § 1003.1(e)(5) constitutes the final order of removal under 8 U.S.C. § 1252(a), and thus this Court will not affirm on grounds raised in the IJ's decision unless they are relied upon by the BIA in its affirmance. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). However "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (quotation omitted).

> When reviewing a BIA decision, we search the record for substantial evidence supporting the agency's decision. Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole. Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary. We do not weigh the evidence or evaluate the witnesses' credibility.

*Id.* at 1122 (quotations, alterations, and citations omitted).

To obtain asylum, Mr. Johan had to prove he is a refugee. *See Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004). Under these facts, Mr. Johan had

to show that he was unable or unwilling to return to Indonesia or to avail himself of Indonesia's protection because he had been persecuted, or was afraid he would be persecuted, due to his Chinese ethnicity. *See id.* Mr. Johan had three options. He could demonstrate: a well-founded fear of future persecution, past persecution that would give rise to that well-founded fear, or past persecution so extreme that he would qualify for humanitarian asylum. *Id.* at 1232-33. After establishing refugee status, Mr. Johan would then need to rely on the Attorney General's discretion as to whether to grant him asylum. *Id.* at 1233.

To establish his refugee status, Mr. Johan testified that, as a child, he was often detained and assaulted by ethnic Indonesians intent on robbing him. His family was the victim of extortion, but the police refused to investigate unless paid. During the anti-Chinese riots of 1998 in West Jakarta, Mr. Johan witnessed atrocities committed against his fellow Chinese people and was himself stabbed by a machete-wielding member of a native mob. Mr. Johan was within a mile or two of the terrorist bombs that exploded in Bali in 2002, and in 2005 he was nearly robbed by native Indonesians as he drove home.

Mr. Johan first argues that he has established past persecution. That argument, however, is beside the point because the BIA assumed that Mr. Johan had shown past persecution and, implicitly therefore, was presumed to have a well-founded fear of future persecution. *See Ba v. Mukasey*, 539 F.3d 1265, 1268 (10th Cir. 2008). Mr. Johan's case falters on the next prong of the analysis.

-4-

Once the presumption of future persecution arises,

> the burden shifts to the [Department of Homeland Security (DHS)] to establish by a preponderance of the evidence either that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his or her country of nationality, or that the applicant could avoid future persecution by relocating to another part of his or her country of nationality, and under all the circumstances, it would be reasonable to expect the applicant to do so. If the DHS rebuts the presumption, the asylum application will be denied unless the applicant demonstrates compelling reasons for being unwilling or unable to return to his or her country of nationality, or a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

*Matter of D-I-M*, 24 I. & N. Dec. 448, 450 (2008) (quotations, citations, and alterations omitted).

In holding that the DHS rebutted the presumption of future persecution, the BIA noted that "the new Indonesian government promotes racial and ethnic tolerance, including tolerance of ethnic Chinese who comprise approximately 3 percent of the population; the largest non-indigenous minority group in Indonesia. . . . As a whole, the evidence of record, including those documents submitted by [Mr. Johan], projects a much improved situation for the ethnic Chinese in Indonesia." BIA Decision at 3 (citing Indonesia, Country Reports on Human Rights Practices (Dep't of State, Mar. 6, 2007) (http://www.state.gov/g/drl/rls/hrrpt/2006/78774.htm)). The BIA further noted that Mr. Johan's family has "remained in Indonesia since his departure without suffering any apparent difficulty." BIA Decision at 3.

"Whether the materials of record rebutted the presumptive inference from past to future persecution is a question of fact that we review for substantial evidence." *Ba*, 539 F.3d at 1269. This deferential standard applies even where we review the application of a statutory standard to established subsidiary facts. *Nazaraghaie v. INS*, 102 F.3d 460, 463 n.2 (10th Cir. 1996). "Country reports can constitute substantial evidence" of changed country circumstances, although they may not always address the specific concerns relevant to a particular case. *Ba*, 539 F.3d at 1269. Here, however, the Country Report from 2006 is substantial evidence that the situation for ethnic Chinese in Indonesia has improved, especially since the 1998 riots. There is nothing particularly unique about Mr. Johan's case that is not covered by the report's generally positive assessment of changes in Indonesian society relative to the civil rights of its Chinese citizens. Additionally, the BIA's conclusion that his family has been relatively safe is supported by Mr. Johan's own testimony.

Because the DHS has rebutted the presumption of future persecution due to changed country conditions, Mr. Johan must now demonstrate "'compelling reasons for being unwilling or unable to return'" to Indonesia or "'a reasonable possibility that he or she may suffer other serious harm upon removal to that country.'" *Matter of D-I-M*, 24 I. & N. Dec. at 450 (quoting 8 C.F.R. §§ 1208.13(b)(1)(i)(A), (B)). To the extent Mr. Johan even argues this point on

appeal, we agree with the BIA that Mr. Johan has failed to make the required showing.

Because Mr. Johan has failed to satisfy the more lenient standard for asylum, the BIA also correctly affirmed the IJ's denial of restriction on removal. And finally, because Mr. Johan failed to show that it is more likely than not that he would be tortured if returned to Indonesia, he has failed to qualify for relief under the CAT.

The petition for review is DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge