SUMMARY ORDER

Petitioners, Luvigj Lallinaj and Dielle Lallinaj, natives and citizens of Albania, seek review of an August 15, 2008 order of the BIA affirming the January 10, 2007 decision of Immigration Judge (“IJ”) George T. Chew denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Luvigj Lallinaj and Dielle Lallinaj, Nos. A 098 690 084/085 (B.I.A. Aug. 15, 2008), aff'g Nos. A 098 690 084/085 (Immig. Ct. N.Y. City Jan. 10, 2007).[1] We assume the parties’ familiarity with the underlying facts and procedural history of the case.
“[W]hen the BIA affirms the IJ’s decision in some respects, but not others,” we review the BIA’s decision and those aspects of the IJ’s decision that the BIA adopted. Passi v. Mukasey, 535 F.3d 98, 100 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. DHS, 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Passi, 535 F.3d at 101.
As a preliminary matter, Petitioner has waived any challenge to the agency’s denial of his CAT claim. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
We conclude that, as the Government concedes, the IJ erred by failing to make a threshold determination as to whether Petitioner suffered past persecution. See In re D-I-M- 24 I. & N. Dec. 448, 451 (B.I.A.2008) (“Because the regulations set forth varying burdens of proof depending on whether an applicant suffered past persecution, it is of paramount importance that Immigration Judges made a specific finding that an applicant either has or has not suffered past persecution.”). Nonethe *864 less, remand would be futile on that basis because the agency assumed that Petitioner had suffered past persecution and found that there had been a significant change in country conditions effectively rebutting any presumption of a well-founded fear of persecution. See 8 C.F.R. 1208.13(b)(l)(i)(A); Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006) (per curiam). Substantial evidence supports that finding.
As the agency found, with the ascent to power of the Democratic Party in Albania, country conditions have changed such that any presumption of a well-founded fear of persecution has been rebutted. See 8 C.F.R. § 1208.13(b)(l)(i); Hoxhallari, 468 F.3d at 188. Petitioner does not explicitly challenge that finding, waiving any such argument. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
Moreover, substantial evidence supports the BIA’s finding that Petitioner failed to demonstrate that he has a well-founded fear of persecution because of tensions between the Democratic Party and the “FPP.” Nothing in the record indicates that Petitioner will be singled out for persecution on that basis if he returns to Albania. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir.2008) (per curiam). And Petitioner’s brother, a member of the FPP, remains unharmed in Albania, further undermining Petitioner’s fear of future persecution. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999).
Because Petitioner was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004).
Finally, Petitioner argues that he is eligible for “humanitarian asylum” pursuant to 8 C.F.R. § 1208.13(b)(l)(iii)(A). However, he failed to raise this ground for asylum before either the IJ or the BIA; therefore, we decline to consider this argument here. See Lin Zhong v. DOJ, 480 F.3d 104, 107 n. 1 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED.

. For the sake of clarity, we refer throughout this order to Luvigj Lallinaj as “Petitioner” because he was the lead applicant before the agency and his wife's claims were derivative of his.