12-3387
Li v. Holder

BIA
Bain, IJ
A089 253 273

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:
 JOHN M. WALKER, JR.,
 DEBRA ANN LIVINGSTON,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

_____

XIA LI,
  *Petitioner,*

 v.                                  12-3387
                                     NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Mary Jane Candaux,
                       Assistant Director; Ashley Martin,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Xia Li, a native and citizen of China, seeks review of an August 7, 2012, order of the BIA affirming the November 22, 2010, decision of Immigration Judge ("IJ") Quynh Vu Bain, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Li*, No. A089 253 273 (B.I.A. Aug. 7, 2012), *aff'g* No. A089 253 273 (Immig. Ct. N.Y. City Nov. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In cases, such as this one, where neither the IJ nor the BIA made an explicit credibility finding, we assume the petitioner is credible. *See Yan Chen*, 417 F.3d at 271-72.

2

**I.  Asylum: Pretermission**

Although 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D), we retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007).

Li has raised a question of law as to whether the agency mischaracterized and ignored evidence in the record related to the timeliness of her asylum application.  *Gui Yin Liu*, 508 F.3d at 722 (where the IJ unambiguously mischaracterizes the record, it raises a question of law).  We remand for the agency to consider the timeliness of the asylum application in light of the entire record.  Although the BIA acknowledged that the contradiction relied upon by the IJ was not actually present, in determining that the remaining evidence did not make a clear and convincing showing of Li's entry date, it failed to further consider the record.

3

The BIA cited a lack of travel documents, lack of testimony from eyewitnesses with first-hand knowledge of Li's date of entry, and Li's discrepant testimony as the reasons for its affirmance. However, Li explained her discrepant testimony by noting that she had originally cited the date she arrived in New York as the date of arrival because she had not known that Los Angeles was part of the United States. Neither the BIA, nor the IJ, stated why this explanation was insufficient. *See Pavlova v. INS*, 441 F.3d 82, 89-90 (2d Cir. 2006) ("[W]here it is not apparent on the face of the record that the [agency] has considered the applicant's responses to the [agency's] credibility concerns, we . . . require the [agency] to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony."). In addition, Li offered a cousin's testimony regarding her presence in China in July 2007 and in New York by August 2007, in contradiction to the BIA's finding that Li did not offer anyone with personal knowledge of her entry to the United States. Thus, because the agency mischaracterized or failed to consider evidence, remand is required. *Xiao Kui Lin v. Mukasey,* 553 F.3d 217, 220 (2d Cir. 2009); *Gui Yin Liu*, 508 F.3d at 722.

4

## II. Asylum & Withholding of Removal

To establish eligibility for asylum or withholding of removal, an applicant must show that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b) (asylum), 1208.16(b) (withholding of removal). If the applicant is found to have suffered past persecution, she is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). The government may rebut that presumption if it shows, by a preponderance of the evidence, either that there has been a fundamental change in circumstances, or that the applicant could safely relocate. 8 C.F.R. §§ 1208.13(b)(1)(I)-(ii), 1208.16(b)(1)(I)-(ii); *see also Matter of D-I-—*, 24 I. & N. Dec. 448, 450-51 (BIA 2008) (discussing the burden shifting framework). Furthermore, to withstand review, the agency must have considered the evidence of record and supported its decision with adequate reasoning. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Tian-Yong Chen v. U.S. INS*, 359 F.3d 121, 127 (2d Cir. 2004)

("where the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration or rehearing"). As discussed below, we conclude that the agency failed to apply the proper legal framework or demonstrate that it considered the evidence of record. *Tian-Yong Chen*, 359 F.3d at 127.

Initially, the IJ erred as she did not make a credibility finding, and did not consider Li's individualized evidence, yet concluded that Li had not suffered past persecution. *Tian-Yong Chen*, 359 F.3d at 127. Although Li alleged that she was beaten twice while in detention, had her Bible confiscated, and was deprived of food, the IJ did not consider whether these beatings, or the circumstances cumulatively, rose to the level of persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Instead, the IJ misstated the law, finding that one way to establish past persecution is by showing a pattern or practice of persecution of a group of similarly situated individuals. As the pattern and practice standard is relevant only in assessing a well-founded fear of persecution, and not whether an applicant suffered past persecution, the IJ applied an erroneous legal standard in evaluating Li's claim of past persecution. *See* 8 C.F.R.

6

§§ 1208.13(b)(2)(iii)(A), 1208.16(b)(2)(I); *see also* *Alibasic v. Mukasey*, 547 F.3d 78, 87 n.6 (2d Cir. 2008)(noting the agency is obligated to consider the particular circumstances of the applicant's case).

On appeal, the BIA recast the IJ's decision as finding Li had failed to corroborate her claim, but it similarly ignored whether Li had established past persecution.  In a REAL ID Act case, such as this one, the agency may require corroboration despite otherwise credible testimony, unless it cannot be reasonably obtained.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id*. § 1231(b)(3)(C); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).  However, before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must, either in its decision or otherwise in the record: (1) identify the specific pieces of missing, relevant documentation and explain that it was reasonably available; (2) provide the petitioner an opportunity to explain the omission; and (3) assess any explanation given.  *See Chuilu*, 575 F.3d at 198; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

Although the BIA acknowledged this standard, its focus on corroboration did not cure the IJ's decision of its flaws.  First, the BIA erred by citing evidence as missing

7

that the IJ did not address in her opinion, including twice mentioning that Li should have provided a letter from her mother. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) ("before denying an asylum petition because of insufficient corroboration, an IJ [must give] adequate and meaningful notice to the applicant of evidence that the IJ believed was significant and missing."). Second, the BIA did not address the veracity of the letters from Li's father, friend in China, or church friend in Brooklyn. These omissions are not minor, but rather involve a failure to consider potentially significant evidence in the record. *Tian-Yong Chen*, 359 F.3d at 123 (remanding when "both the BIA and the IJ overlooked potentially significant evidence supporting [petitioner's] applications for asylum"). Third, while the BIA cited the corroboration standard that assumes the alien is credible, it obliquely suggested in a footnote that perhaps she was not. Finally, the BIA also did not state whether Li had established past persecution and whether she was entitled to a rebuttable presumption of a well-founded fear.

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order. Any pending request for oral

8

argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk