**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALFREDO HERNANDEZ CHIGUIL, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-72221 <br><br> Agency No. A070-785-396 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 3, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. Jose Alfredo Hernandez Chiguil filed a petition for

review of the Board of Immigration Appeals' decision affirming an order of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

removal and denying an application for asylum.  For the reasons below, we dismiss the petition in part, for lack of jurisdiction, and deny the remainder of the petition.

Chiguil's first argument—that the IJ lacked substantial evidence when it found that Chiguil did not suffer past persecution—is not properly before us.  Our review of the BIA's decision is limited to "the grounds relied upon by [the] agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)).  And here the BIA clearly assumed "that [Chiguil] *has established past persecution*" and instead ruled against him on alternative grounds.  We thus cannot review an aspect of the BIA's decision that it assumed in Chiguil's favor.

Chiguil next argues that the IJ lacked substantial evidence when it found that changed circumstances in Guatemala precluded any well-founded fear of future persecution.  He also argues that the BIA's analysis of changed circumstances similarly lacked substantial evidence and failed to comport with due process.  Chiguil failed to exhaust these arguments before the BIA.

Failure to brief issues before the BIA amounts to a failure to exhaust, which in turn precludes our jurisdiction.  *See* 8 U.S.C. § 1252(d)(1); *Alvarado v. Holder*, 759 F.3d 1121, 1127–28 (9th Cir. 2014).  As stated in the BIA's decision, Chiguil "[did] not challenge [the IJ's factual] finding [about changed circumstances] on

2

appeal or present an argument to show that this finding was in error." Having waived any challenge to the IJ's finding before the BIA, Chiguil also precluded our ability to reach the merits of his argument.

Chiguil contends, however, that the BIA actually reached the merits of his changed circumstances argument. He points to the BIA's observation in a footnote that the State Department country report for Guatemala showed "no reports of politically motivated killings by the government or its agents, and no politically motivated disappearances." We grant that this gives some appearance of having reached the merits of Chiguil's claim because the IJ did not mention these specific aspects of the country report in its decision. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) ("[C]laims addressed on the merits by the BIA are exhausted."). On the whole, however, the BIA's passing observation that circumstances appear to have in fact changed was just that—a passing observation. The basis of the BIA's ruling was quite clear: Chiguil waived any challenge to the IJ's finding of changed circumstances before the BIA, and the BIA was accordingly obliged to deny him relief. We are without jurisdiction to consider Chiguil's argument on the merits.

We are similarly without jurisdiction to consider Chiguil's third argument—that the BIA violated his right to due process and abused its discretion

by failing to consider whether he was eligible for humanitarian asylum. Chiguil never argued to the BIA that he was entitled to humanitarian asylum. We accordingly lack jurisdiction to consider it. *See Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam) (holding petitioner waived humanitarian asylum claim not raised before either the IJ or the BIA). But even if we did, he cites no authority requiring sua sponte consideration of humanitarian asylum claims. *Cf. Silaya v. Mukasey*, 524 F.3d 1066, 1072 (9th Cir. 2008) (remanding to the BIA "to consider in the first instance whether it wishes to grant" humanitarian asylum where the petitioner requested humanitarian asylum before the IJ and the issue was never adjudicated); *Matter of D-I-M*, 24 I. & N. Dec. 448, 450 (BIA 2008) (noting regulatory framework for humanitarian asylum, but by no means requiring that analysis be conducted sua sponte).

Finally, Chiguil argues that the BIA denied him due process and abused its discretion when it "failed to decide whether or not [Chiguil] established past persecution and did not provide an explanation for simply assuming 'arguendo' that [Chiguil] could establish past persecution." This argument has no merit. The BIA is not required to explain its decision to rule on alternative grounds. *See Marcu v. INS*, 147 F.3d 1078, 1081 (9th Cir. 1998) (noting that "the BIA did not need to make a finding on whether [the petitioner] had demonstrated past

4

persecution" because it "found that the INS had rebutted the presumption" of a well-founded fear of future persecution).  This was neither an abuse of discretion nor a denial of due process.

We **DISMISS** Chiguil's petition for review with respect to his unexhausted claims and we **DENY** the balance of his petition.