Bhattrai v. Garland
BIA
Conroy, IJ
A205 647 151

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-two.

PRESENT:
REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
    *Circuit Judges.*

_____

KABITA BHATTRAI,
    *Petitioner*,

v.                                          19-82
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:            Ramesh K. Shrestha, New York, NY.

FOR RESPONDENT:            Jody H. Hunt, Assistant Attorney
                           General; Ernesto H. Molina, Jr.,
                           Deputy Director; Nancy F. Safavi,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kabita Bhattrai, a native and citizen of Nepal, seeks review of a December 13, 2018, decision of the BIA affirming a November 9, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Kabita Bhattrai,* No. A 205 647 151 (B.I.A. Dec. 13, 2018), *aff'g* No. A 205 647 151 (Immig. Ct. N.Y. City Nov. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings under the

2

substantial evidence standard and questions of law de novo).

An asylum applicant must show that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). Past persecution creates a rebuttable presumption of a "well-founded fear of [future] persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1). The Government may rebut that presumption where a preponderance of the evidence shows that the applicant could avoid future persecution "by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Matter of D-I-M-*, 24 I. & N. Dec. 448, 450–51 (B.I.A. 2008) (discussing the burden shifting framework).

The record supports the agency's conclusion that Bhattrai could relocate within Nepal to avoid future persecution on account of her caste and that it would be reasonable for her to do so. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Singh v. BIA*,

3

435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). Factors relevant in determining the reasonableness of relocation include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3) (2018)[1]; *Singh v. Garland*, 11 F.4th 106, 117–118 (2d Cir. 2021).

The agency considered the relevant factors, and the following facts support the agency's decision. Bhattrai's parents moved from her home village to Kathmandu in January 2016, they live there with her children, and they have not been harassed or threatened in the time that they have lived in Kathmandu. Her family appeared to have sufficient financial resources to live in Kathmandu because her father was able to pay for her trip to the United States. Although

---

[1] This version of the regulation was in effect until November 2018, including at the time of the IJ's decision in this case.

neighbors from Bhattrai's village called and told her father that people from other castes were still looking for her and she should not come back, there were no threats of harm to her or her family if they remained in Kathmandu. The Chhetri caste, of which Bhattrai was a member, is the dominant group in Kathmandu, and is the second highest caste in Nepal. The 2015 U.S. State Department Human Rights Report for Nepal reflects political violence in Nepal, but it does not indicate that such violence is directed against the Chhetri caste. Moreover, Bhattrai herself lived unharmed in Kathmandu for three months before coming to the United States.

The record does not support Bhattrai's challenges to the IJ's determination. She contends that the IJ discounted her testimony that her family was in hiding and that she would be unable to get a job to support her family in Kathmandu. However, the record supports the IJ's determination because Bhattrai's testimony was ambiguous about living in hiding given her testimony that her two younger children attended school and her oldest child was in college and worked in a restaurant. Bhattrai also argues that the IJ mischaracterized her family's financial resources, but, to

5

the contrary, she testified that her father paid for everything for her even though he was not wealthy and she did not provide a clear statement of how her father financed her trip to the United States. And although Bhattrai claimed that her family would have no financial resources in Kathmandu, she had worked in a factory in her home village and her son works in a restaurant in Kathmandu.

Finally, Bhattrai argues that the agency erred by failing to conduct a separate analysis of her CAT claim. However, the agency's determination that the Government had rebutted the presumption of a well-founded fear of future harm as required to state an asylum claim "necessarily" resolved Bhattrai's claims for both withholding of removal and CAT relief, which require a greater likelihood of persecution or torture. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *see also* 8 C.F.R. § 1208.16(c)(3)(ii) (providing that ability to relocate is a factor to be considered in determining the risk of torture).

In sum, the agency's conclusion that Bhattrai could reasonably relocate within Nepal is supported by substantial evidence because her risk of harm is limited to her home

6

village and her parents and children have been able to live safely in Kathmandu. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), 1208.16(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court